■ In the Matter of JOSEPH PAPPALARDO, Appellant, v NEW YORK

STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—
In a proceeding pursuant to CPLR article 78, *inter alia,* to vacate a consent
order of the Department of Environmental Conservation, issued pursuant to
ECL 71-2303, and to declare that the property of petitioner is not subject to
the jurisdiction of the department, petitioner appeals, as limited by his
brief, from so much of a judgment of the Supreme Court, Dutchess County,
dated April 14, 1978, as, upon granting respondents' motion to dismiss the
proceeding, dismissed the branches of the petition which sought to (a) vacate
the consent order, (b) declare that his property is not subject to the
jurisdiction of the Department of Environmental Conservation and (c) enjoin
respondents from "harassing" him and "trespassing" on his property. Judg-
ment modified, on the law, by adding thereto (1) immediately after the
provision dismissing the petition, the following: "except insofar as the
petition seeks declaratory relief and to enjoin respondents from harassing
petitioner and trespassing on his property," and (2) a provision that with
respect to the aforesaid prayers for declaratory and injunctive relief, the
proceeding is converted into an action at law for declaratory and injunctive
relief. As so modified, judgment affirmed insofar as appealed from, without
costs or disbursements. The petition insofar as it pertains to the aforesaid
prayers for declaratory and injunctive relief is deemed the complaint.
Respondents' time to serve an answer is extended until 20 days after service
upon them of a copy of the order to be entered hereon, together with notice
of entry thereof. Upon determining that a CPLR article 78 proceeding was
inappropriate with respect to certain matters, Special Term should have
converted the relevant causes not susceptible of article 78 treatment into an
action for declaratory and injunctive relief pursuant to CPLR 103 (subd [c]).
Mollen, P. J., Lazer, Cohalan and Gibbons, JJ., concur.